# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REESE BRANTMEIER, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>*Defendant*. | Case No. 1:24-CV-00238-CCE-JEP |

## MOTION FOR EXTENSION OF TIME TO RESPOND

Defendant National Collegiate Athletic Association ("NCAA"), pursuant to Rule 6 of the Federal Rules of Civil Procedure and Local Rule 6.1(a), respectfully moves this Court for entry of an order extending the time to file a response to Plaintiff's Motion for Preliminary Injunction, ECF No. 21 ("PI Motion"). Good cause exists for an extension, including that Plaintiff submitted an expert report supporting her request for extraordinary injunctive relief, but has yet to produce reliance materials, including the backup data relied upon by Plaintiff's expert economist. The NCAA should have an opportunity to review and evaluate the expert's work. And such an extension would cause no prejudice to Plaintiff. Litigation over NCAA rules has been ongoing for a decade, with such challenges rarely if ever being adjudicated in a preliminary injunctive posture. This is not the

place to start, as Plaintiff faces no imminent harm from an extension. Student athletes are permitted under current NCAA rules to participate in non-NCAA competitions that offer prize money. Moreover, Plaintiff has a knee injury and is therefore unable to compete in athletics until the fall. ECF No. 22-1 at 7-8. The NCAA requests until August 13, 2024 or one month after the production of expert reliance materials, whichever is later, to file its response to Plaintiff's PI Motion. In support of this motion, the NCAA submits the following:

1. On March 18, 2024, Plaintiff filed this putative class action challenging longstanding and fundamental rules of the member schools of the NCAA that prevent the professionalization of college sports under Section 1 of the Sherman Act. ECF No. 1. Plaintiff's suit seeks to eliminate rules that preserve a core principle differentiating the collegiate model from professional sports: the proscription on student-athletes receiving payment for their athletic performance in a particular sport.

2. On June 26, 2024, the NCAA filed its Answer to Plaintiff's Complaint. ECF No. 18.

3. After waiting nearly three and a half months from the time of initiating this suit, on July 2, 2024 Plaintiff filed a motion for the "extraordinary relief" of a preliminary injunction that seeks to dramatically alter the status quo, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), a type of injunctive relief that "is

disfavored in any circumstance," *Pierce v. N. Carolina State Bd. of Elections*, 97 F.4th 194, 209 (4th Cir. 2024).

4. To merit such dramatic relief, Plaintiff bears the burden of "clearly establish[ing]" that she "'is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest.'" *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Winter*, 555 U.S. at 20).

5. In support of her motion, Plaintiff submitted three declarations from student-athletes and a 34-page declaration from Dr. Andrew Schwarz, Plaintiff's economic expert. ECF No. 22-1, 22-2, 22-3, 22-4. Plaintiff did not produce Dr. Schwarz's reliance material, including the backup data, underlying his purported economic analyses. The NCAA has requested those materials, but as of the time of this filing, Plaintiff has not yet produced them.

6. The NCAA requested an extension of time to respond to Plaintiff's motion and Plaintiff declined. Plaintiff opposes this Motion for Extension of Time.

7. Good cause exists for extending the NCAA's time to respond to Plaintiff's PI Motion, particularly in the light of the complex legal and economic issues under consideration. Despite the NCAA's request, Plaintiff has yet to provide the reliance and backup materials identified by Dr. Schwarz, including the data underlying his purported economic analyses. Dr. Schwarz's declaration includes

opinions on a wide array of issues such as the economic meaning of "anticompetitive" and "procompetitive," the purported anticompetitive impact and procompetitive effects of the rules challenged by Plaintiff, the alleged structure of the relevant markets, and the NCAA's market power within these markets. *See* ECF No. 22-2 at 8 n.12, 14 n.33, 32 n.58-59. Absent an extension, the NCAA will be prejudiced by the insufficient time to review and respond to the yet-to-be produced economic data that Plaintiff's expert relies upon in reaching his conclusions.

8. The magnitude and far-reaching impact of the requested relief throughout college athletics, in tandem with the complexity of the legal and economic analyses involved in such challenges, further demonstrates the prejudice to the NCAA absent a reasonable extension. Litigation throughout the country challenging other rules on student-athlete compensation has typically taken years of discovery and expert analysis to establish a well-developed record for the Court to fully consider the relevant issues.

9. Plaintiff will not suffer any prejudice or harm from the requested extension. Under the governing rules, and absent any injunction, student-athletes *are currently able to compete* in non-NCAA events and tournaments that offer prize money. *See* ECF No. 22 at 3 (acknowledging that "[s]tudent-athletes are permitted to enter non-NCAA competitions against or with professional athletes").

4

Case 1:24-cv-00238-CCE-JEP   Document 25   Filed 07/12/24   Page 4 of 9

10. Furthermore, the student-athlete declarations submitted with Plaintiff's PI Motion make clear that opportunities for these student-athletes to earn prize money in non-NCAA competitions are not imminent and are dependent on a number of unpredictable factors such as health, schedule, and skill of opponents. Plaintiff offers no evidence or allegations that student-athletes are facing a "present threat" of harm or the irrevocable loss of prize money during the requested extension. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). For example, named-plaintiff Reese Brantmeier is currently recovering from meniscus surgery and does not anticipate being able to engage in competitions until the fall. *See* ECF No. 22-1 at 7-8. Accordingly, even if the challenged rules were eliminated tomorrow, she would be unable to earn prize money because she is unable to compete. And even if other putative class members intend to compete in non-NCAA events in August, they must nevertheless first qualify for those events and, if they do, then perform sufficiently well to earn prize money.[1] There is no indication that

---

[1] Although Jillian Martin states she is scheduled to participate in two non-NCAA events in August, as a non-PWBA member she must compete in qualifying competitions and any entitlement to prize money is conditioned on her performance at the events. The only other events Martin identifies are tournaments to be held in the "Spring and Summer 2025." ECF No. 22-4 at 4. Furthermore, Martin maintains a SMART account into which past and future prize earnings may be deposited and are retained for up to eight years after receipt. ECF No. 22-4 at 3. In fact, Martin's declaration states that the current balance in her SMART account is over $140,000. ECF No. 22-4 at 3.

those circumstances are likely to come to pass so imminently that the NCAA cannot be afforded a brief extension of time to respond to Plaintiff's PI Motion.

11. Regardless of the weight afforded to Plaintiff's speculative claims that other putative class members could earn prize money in non-NCAA competitions prior to adjudication of Plaintiff's PI Motion, such economic injuries would not constitute irreparable harm, imminent or otherwise. *See Virginia Carolina Tools, Inc. v. Int'l Tool Supply, Inc.*, 984 F.2d 113, 120 (4th Cir. 1993) (affirming denial of preliminary injunction on the basis that "highly speculative and largely economic injuries did not constitute irreparable harm"); *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (noting there is a "presumption that a preliminary injunction will not issue" when an injury can be remedied by money damages).

12. Plaintiff's request to present oral argument and live testimony at a hearing further undermines any claim of prejudice or harm from a short extension. ECF No. 21 at 2. While the NCAA does not share Plaintiff's view that live witnesses are necessary at any hearing on the PI Motion, the presentation of such evidence would necessitate additional time, including time to conduct depositions of any witnesses to be presented live.[2]

---

[2] If the Court should determine that a hearing with live witnesses on Plaintiff's PI motion is warranted, the NCAA respectfully requests reasonable time to depose any live witnesses prior to the hearing.

13. For all the reasons set forth above, the NCAA respectfully requests that it be given until August 13, 2024 or one month after the production of expert reliance materials, whichever is later, to respond to Plaintiff's PI Motion.

Dated: July 12, 2024

By: */s/ Alan M. Ruley*
Alan M. Ruley
State Bar No. 16407
**BELL, DAVIS & PITT P.A.**
PO Box 21029
Winston-Salem, NC 27120
Telephone: (336) 722-3700
Facsimile: (336) 714-4101
aruley@belldavispitt.com

By: */s/ Rakesh Kilaru*
Rakesh Kilaru
Tamarra Matthews Johnson
Cali Arat
Matthew Skanchy
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

By: */s/ Matille Gibbons Bowden*
Matille Gibbons Bowden
State Bar No. 54834
**ARENTFOX SCHIFF LLP**
1717 K Street NW
Washington, DC 20006

Telephone: (202) 857-6000
Facsimile: (202) 857-6395
mattie.bowden@afslaw.com

*Counsel for National Collegiate Athletic Association*

# CERTIFICATE OF SERVICE

      I hereby certify that on July 12, 2024, I electronically filed the foregoing Motion for Extension of Time to Respond with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties and counsel of record.

Dated: July 12, 2024

By: */s/ Alan M. Ruley*
Alan M. Ruley
State Bar No. 16407
**BELL, DAVIS & PITT P.A.**
PO Box 21029
Winston-Salem, NC 27120
Telephone: (336) 722-3700
Facsimile: (336) 714-4101
aruley@belldavispitt.com

*Counsel for National Collegiate Athletic Association*