IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REESE BRANTMEIER, and MAY )
JOINT, on behalf of themselves and )
all others similarly situated, )
)
Plaintiff, )
)
v. ) 1:24-CV-238
)
NATIONAL COLLEGIATE )
ATHLETIC ASSOCIATION, )
)
Defendant. )

## ORDER

In its initial scheduling order, the Court set various deadlines, including a deadline of November 8, 2024, to seek leave to amend the pleadings. *See* Doc. 39 *adopting* Doc. 37 at ¶ 4(a). After the plaintiff withdrew a motion for class certification on October 15, 2024, Doc. 57, and the Court requested a status report on moving the case forward, Text Order 10/22/2024, the plaintiff purported to file an amended complaint on November 8, 2024. Doc. 58. Upon review of the status report, Doc. 59, and the proposed amended complaint, the Court stated its intention to treat those materials as a motion for leave to file an amended complaint and a motion to amend the scheduling order, and the Court gave the parties an opportunity to be heard. Doc. 60. The Court has considered the parties' submissions, Docs. 61, 62, and all other matters of record.

Under Federal Rule of Civil Procedure 15(a), courts freely grant leave to amend complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, leave [to amend] should be denied only when the amendment would be prejudicial to the opposing

party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Moore v. Equitrans, L.P.*, 27 F.4th 211, 218 (4th Cir. 2022) (cleaned up) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).[1]

The defendant does not oppose the plaintiff's motion to file an amended complaint. Doc. 61 at 1. There is nothing to indicate bad faith and nothing to indicate prejudice from the amendment, at least not to the extent the plaintiff seeks injunctive relief. The defendant has not contended that amendment would be futile. The motion to file an amended complaint will be granted.

Scheduling is more complicated. The amended complaint both narrows the plaintiff's injunctive claim to tennis players but it also adds a new claim for damages and seeks certification of an additional class on damages. And the way the plaintiff has approached this change in her claims has disrupted the original schedule and caused a good bit of unnecessary delay.

To get the case moving while the Court further considers scheduling, the Court will set some interim deadlines. The Court is unlikely to countenance extended or broad discovery on class certification issues that the plaintiff could have undertaken this fall, but the Court is also unlikely to prohibit the plaintiff from all discovery on the narrowed class and the new class the plaintiff now proposes to seek to certify.

---

[1] Where a motion to amend is filed after the deadline in a scheduling order, the party seeking such an amendment must satisfy the "good cause" requirements of Rule 16(b), in addition to the requirements of Rule 15. *See, e.g., Bucklew v. Derst Baking Company*, LLC, 2024 WL 4773208, at *1 (D.S.C., 2024). Here, the proposed complaint was filed within the deadline, and the Court exercises its discretion to treat that filing as a motion to amend.

The Court is not impressed by the plaintiffs' apparent contention that this lawsuit, which Ms. Brantmeier initiated and in which Ms. Joint has already appeared as a witness, is not important enough to find time in their busy schedules for a deposition. *See* Doc. 62 (noting that the plaintiffs "were college students with busy school, work, and athletic schedules" as the reason depositions were not promptly scheduled). Appreciating that a second deposition of each may be appropriate after documentary discovery, the Court will set appropriate deadlines to facilitate initial depositions.

Counsel are reminded that the meet-and-confer requirement is usually not satisfied by emails exchanges. *Kolon Indus., Inc. v. E.I. Dupont De Nemours & Co.*, No. 3:11CV622, 2012 WL 12894840, at *3 (E.D. Va. Feb. 23, 2012) (holding that an email does not satisfy the meet-and-confer requirements in a local rule); *accord Krakauer v. Dish Network, LLC*, 2018 WL 4356752, at *3 (M.D.N.C. 2018).

It is **ORDERED** that:

1. The plaintiff's motion to file an amended complaint, Doc. 58, is **GRANTED** and the amended complaint at Doc. 58 is deemed timely filed.

2. The defendant **SHALL** answer or otherwise respond to the Amended Complaint no later than December 23, 2024. If the defendant responds with a motion to dismiss, any brief in opposition **SHALL** be filed no later than January 6, 2025, and any reply in support **SHALL** be filed no later than January 17, 2025. If such a motion is filed, the Court encourages the defendant to also file an answer. *See* LR 7.3(a) (requiring motion to be in separate document).

3

3. If it has not already done so, the defendant **SHALL** respond to the plaintiff's request for production of documents, Doc. 59-1, no later than December 30, 2024, and **SHALL** produce all documents to which it does not object by January 10, 2025. The parties **SHALL** meet and confer about any objections and if they are unable to resolve the objections, a party **SHALL** file an appropriate motion accompanied by a joint submission containing dueling briefs no later than January 15, 2025.

4. The two named plaintiffs, Reese Brantmeier and Maya Joint, **SHALL** by December 23, 2024, each provide the defendant with three dates before January 17, 2025, on which each will make themselves available for initial deposition, and the defendant can pick the date(s) most convenient for it. The defendant may take a second deposition of Ms. Brantmeier and Ms. Joint later.

5. The parties **SHALL** immediately proceed with all needed fact discovery on the merits and on class certification. Counsel **SHALL** promptly meet and confer about managing this efficiently, quickly, and productively.

6. The plaintiffs **SHALL** file a motion for class certification no later than February 7, 2025.

7. The Court will enter a more detailed revised scheduling order setting additional deadlines as time permits and after further consideration.

This the 16th day of December, 2024.

                                               UNITED STATES DISTRICT JUDGE