IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REESE BRANTMEIER, and MAYA JOINT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:24-CV-238 |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) ) ) | |
| Defendant. | ) | |

## AMENDED SCHEDULING ORDER

This matter is before the Court to consider revisions to the scheduling order in light of the plaintiffs' amended complaint and the parties' joint status report. In its discretion, upon consideration of the entire record, and given its extensive experience with the case and the litigants, the Court will modify the schedule as set forth herein.

**I.  Procedural History**

Reese Brantmeier filed this lawsuit on March 18, 2024, contending that the NCAA's rules on prize money for college athletes in Individual Sports constituted a price-fixing conspiracy and a group boycott in violation of antitrust law. Doc. 1.[1] She sought no damages, asking only for injunctive relief on behalf of herself and a putative class of NCAA Division I athletes in Individual Sports. *Id.* After moving for and receiving an extension of time, Docs. 16–17, the NCAA filed an answer on June 26,

---

[1] The nature of the claims and the proposed classes are summarized in simplified form for ease of reading.

2024. Doc. 18. The next day, the Court set the matter for an initial pretrial scheduling conference. Doc. 19.

On July 2, 2024, Ms. Brantmeier filed a motion for preliminary injunction, Doc. 21, and the following day she filed a motion for class certification. Doc. 23. The NCAA, with the consent of Ms. Brantmeier, moved for an extension of time to respond to the motion for class certification until 60 days after a ruling on the motion for preliminary injunction. Doc. 28 at ¶ 10. The deadline was extended as requested, but the Court directed that discovery on class certification should begin immediately and be completed by the deadline for the response to the class certification motion. Text Order 07/19/24.

On August 12, 2024, the parties submitted their joint Rule 26(f) report, Doc. 37, which the Court adopted two days later. Doc. 39. That schedule included deadlines based on Ms. Brantmeier's previously-filed motion for class certification and the Court's July 19 order granting the NCAA additional time to respond. *See* Doc. 39 *adopting* Doc. 37. It set November 8, 2024, as the deadline for Ms. Brantmeier to seek leave to amend her pleadings. *Id.*

The scheduling order also incorporated a detailed schedule for an organized and layered approach to discovery and briefing of expected motions. *See id.* It set a merits discovery deadline of April 15, 2025, followed by expert discovery and a final discovery deadline of July 14, 2025. *Id.* Ms. Brantmeier's dispositive and *Daubert* motions were due by August 18, 2025, and the NCAA's motions were due by September 18, 2025. *Id.*

Over the summer and into the fall, the NCAA sought discovery on class certification issues. *See* Doc. 59 at ¶ 2. The NCAA repeatedly requested dates for

depositions of Ms. Brantmeier and Maya Joint, another tennis player who provided a declaration in support of the motion for preliminary injunction, but neither made themselves available. *Id.* at ¶ 2(g); *see also* Doc. 61 at 3–4; Doc. 62 at 4. Ms. Brantmeier served no written discovery requests and did not notice any depositions. *See* Doc. 59 at ¶ 2 (summarizing discovery to date).

The Court denied the motion for preliminary injunction on October 7, 2024. Doc. 51. This started the clock on the class certification briefing deadlines in the scheduling order, with December 6, 2024, as the deadline for class certification discovery and the NCAA's response. *Id.*

On October 10, 2024, Ms. Brantmeier, through counsel, informed the NCAA that she would withdraw the motion for class certification and that she did not intend to pursue class-wide relief. Doc. 59 at ¶ 4. Five days later, Ms. Brantmeier did withdraw the motion for class certification. Doc. 57. But in an about-face, she informed the NCAA that she was still evaluating whether to include class-wide claims in an amended complaint, Doc. 59 at ¶ 5; the filing with the court did not mention this. Doc. 57.

On October 22, 2024, the Court, unaware that Ms. Brantmeier was considering an amended complaint or modified classes, suggested to the parties that the withdrawal of the motion for class certification simplified the case. Text Order 10/22/24. The Court directed the parties to confer about a shortened discovery schedule and to file a joint status report by November 8, 2024. *Id.*

The day before the status report was due, the plaintiff served her first requests for production of documents. Doc. 59-1 at 12 (showing service on November 7, 2024). The

3

requests were directed to documents with information about tennis players and prize money. *Id.*

The parties filed the required joint status report on November 8, 2024. Doc. 59. That same day, Ms. Brantmeier filed what she called an amended complaint. Doc. 58. She did not seek leave of court to file the amended complaint, nor did she have consent from the NCAA. She could not amend the complaint as a matter of course. *See* Fed. R. Civ. P. 15(a). Ms. Brantmeier filed the purported amended complaint on the last day a party could seek amendment to the pleadings. Doc 37 at ¶ 4(a) *adopted at* Doc. 39.

The proposed amended complaint added Ms. Joint as a named plaintiff and, consistent with the recent document requests, narrowed the antitrust claims from the Individual Sports markets to just the tennis market. Doc. 58. The plaintiffs continued to ask for injunctive relief, but on behalf of a narrower putative class of only tennis athletes. *Id.* at ¶ 151. The plaintiffs added damages claims on behalf of themselves and a new putative class of Division I tennis players. *See id.* at ¶¶ 152, 185, 198.

Ms. Brantmeier did not file a motion for class certification by November 12, 2024, as required by the Local Rules. LR 23.1(b) (requiring motions for class certification to be filed within 90 days of entry of scheduling order unless extended by the Court); Doc. 39 (scheduling order filed August 14, 2024). Nor did she seek an extension of time to file a motion for class certification. *See* LR 23.1(b). Nonetheless, in the joint status report, Ms. Brantmeier proposed amending the scheduling order such that she would be able to file a new motion for class certification, with concomitant extension of other case deadlines into 2026. Doc. 59 at 13–14.

Upon review, the Court stated its intention to treat the purported amended complaint and the joint status report as a motion by the plaintiff to file an amended complaint and to amend the scheduling order and gave the parties an opportunity to be heard. Doc. 60. Each side responded with proposed revisions. *See* Docs. 61, 62. In the parties' joint status report and briefing, the parties also provided an update on discovery. *See* Docs. 59, 61, 62.

After consideration of the parties' filings and all other matters of record, the Court granted the motion to amend the complaint and established short deadlines for the NCAA to respond to the amended complaint and to the plaintiff's request for production of documents, for the parties to file motions to resolve any disputes over that discovery, and for the parties to schedule the depositions of the named plaintiffs. Doc. 63. The Court directed the parties to immediately proceed with all needed fact discovery on the merits and class certification. *Id.* at 4. It set a new deadline of February 7, 2025, for the plaintiffs to file a motion for class certification directed to the putative classes in the amended complaint. *Id.* The Court kept other scheduling matters under advisement, pending further consideration. *Id.* The NCAA filed an answer to the amended complaint on December 23, 2024. Doc. 64.

II.     **Amending the Scheduling Order**

Scheduling orders are mandatory and are "an important vehicle in securing the just, speedy, and inexpensive determination of every action." *EEOC v. Hooters of Am., LLC*, 347 F.R.D. 445, 447 (M.D.N.C. 2024). Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's

5

consent." Rule 16 thus recognizes that the parties will occasionally be unable to meet deadlines for legitimate reasons. *See O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004). But such modifications are not available if the parties have not acted with diligence. *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D. W. Va. 1995); *accord Tyndall v. Maynor*, 288 F.R.D. 103, 108 (M.D.N.C. 2013) (Mag. J., memorandum opinion and order); *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

Here, it is questionable that the plaintiffs have acted with diligence. Ms. Brantmeier conducted no discovery related to class certification or otherwise during the summer or fall of 2024. And, as a result of the way Ms. Brantmeier went about changing her claims and putative classes, virtually no productive discovery happened between the time the plaintiff withdrew the motion for class certification in October and the time the Court jumpstarted the case, some two months later. Despite having had several months to seek discovery on class certification issues, the plaintiffs did not timely file a motion for class certification directed to their modified injunctive class and new damages class.

That said, Ms. Brantmeier did inform the NCAA that she would withdraw the motion for class certification directed to the Individual Sports classes soon after the Court denied the motion for preliminary injunction, mitigating unnecessary work by the NCAA. And the plaintiffs filed the proposed amended complaint only about a month after the denial of the motion for preliminary injunction and by the deadline to amend the pleadings set out in the scheduling order. The narrowing of the claims to tennis was a rational response to the decision that Ms. Brantmeier had not shown a likelihood of success on the merits as to all Individual Sports.

It seems likely that the discovery needed on the narrowed injunctive class will overlap to some extent with the information obtained from the filings associated with the motion for preliminary injunction. But the defendant is entitled to adequate time to explore any changes in the plaintiff's evidence related to the modified injunctive class, the new claim for damages, and the related request for a damages class. The Court will give the defendant time to do so.

In view of the plaintiffs' delays, as discussed *supra*, the Court will impose a deadline on the plaintiffs for serving written discovery.

In its discretion, the Court will modify the scheduling order to take into account the addition of a new named plaintiff, the addition of new claims for damages, and the modification of the putative classes for which the plaintiffs seek certification. The Court expects the plaintiffs to promptly serve all needed written discovery and to respond expeditiously to written discovery requests and deposition notices from the defendants.

It is **ORDERED** that:

1. The scheduling order, Doc. 39, is **MODIFIED**, certain previously imposed deadlines are restated herein for convenience and clarity, and the parties **SHALL** meet the following deadlines:

| | |
|---|---|
| Now | Counsel shall agree on plenty of dates to hold for depositions in 2025, in line with this scheduling order. Fact Discovery on all issues proceeds (as ordered Doc. 63). |

| | |
|---|---|
| January 10, 2025 | Deadline for defendant to produce documents in response to Plaintiff's RFP (as ordered Doc. 63). |
| January 17, 2025 | Deadline for Plaintiffs to make themselves available for first depositions. (as ordered Doc. 63). |
| January 24, 2025 | Plaintiffs disclose to defendant but do not file expert reports on which they will rely at class certification. Deadline for plaintiffs to serve any written fact discovery. |
| February 7, 2025 | Plaintiffs' Motion for Class Certification with evidence and brief in support (as ordered Doc. 63). Using dates previously held open, plaintiffs provide a proposed schedule for NCAA to depose each declarant between February 21, 2025, and March 17, 2025. |
| March 28, 2025 | Defendant's Response to motion for class certification. Using dates previously held open, defendant provides a proposed schedule for plaintiffs to depose each declarant between April 7, 2025, and April 25, 2025. |
| May 5, 2025 | Plaintiffs' Reply in support of class certification.[2] |

---

[2] The Court expects the plaintiffs to submit all their evidence on class certification with the motion for class certification; rebuttal expert evidence, if any, must actually be rebuttal evidence.

|   |   |
|---|---|
|  | Using dates previously held open, plaintiffs provide a proposed schedule for defendant to depose each rebuttal declarant, if any, between May 14, 2025, and May 23, 2025. |
| May 30, 2025 | Any *Daubert* motions related to evidence submitted in connection with class certification motion.[3] |
| June 13, 2025 | Response to any *Daubert* motions; no reply briefs authorized. |
| June 18, 2025 | Parties Exchange Proposals on Class Notice, based on assumption that class certification will be granted as to injunctive class only;[4] thereafter meet and confer. Completion of all Fact Discovery. |
| July 1, 2024 | Joint Submission on Class Notice proposal, injunctive class only. |
| July 7, 2025 | Hearing on Class Certification Motion. |
| August 4, 2025 | Merits Expert Report Disclosures and, using dates previously held open, provision of deposition dates |

---

[3] The parties may not file multiple *Daubert* motions addressed to different witnesses or issues. One *Daubert* motion per side, supported by one brief with the usual word limits, is permitted.

[4] The Court may excuse this requirement or expand this requirement to cover the putative damages class, after review of the briefing.

| | |
|---|---|
| | between August 25, 2025, and September 23, 2025, by Party with Burden of Proof. |
| October 3, 2025 | Merits Expert Response Disclosures and, using dates previously held open, provision of deposition dates between October 14 and November 4, 2025. |
| November 12, 2025 | Merits Expert rebuttal disclosures.[5] |
| November 24, 2025 | Expert Discovery Deadline. |
| November 24, 2025 | Parties Exchange Proposed Verdict Sheets and Jury Instructions,[6] to be prepared assuming all dispositive motions are denied, followed by Meet and Confer. |
| December 8, 2025 | Joint Submission on Proposed Verdict Sheets and Jury Instructions. |
| December 15, 2025 | Dispositive Motions.[7] |
| January 16, 2026 | Response to Dispositive Motions. *Daubert* Motions, if any.[8] |
| January 30, 2026 | Replies to Dispositive Motions. |

---

[5] Any rebuttal expert reports must actually be rebuttal evidence. *See* n.2.

[6] The Court will provide further guidance on the format of these proposed instructions, which are required at this point only for the elements of each claim and affirmative defense.

[7] The parties may not file multiple summary judgment motions addressed to different issues. One motion per side is permitted, supported by one brief with the usual word limits established by Local Rule.

[8] The parties may not file multiple *Daubert* motions addressed to different witnesses or issues. One motion, supported by one brief with the usual word limits, is permitted.

10

|  |  |
|---|---|
|  | Response to any *Daubert* Motions. |
| February 6, 2026 | Replies to any *Daubert* Motions. |
| TBD | Hearing on Dispositive Motions. |
| April 2026 | Pretrial Disclosures Begin, on schedule to be determined. |
| Summer 2026 | Trial on date to be determined |

2. The parties may by mutual agreement extend deadlines that do not involve court filings. No such consent extensions can be the basis for any future motion to amend the scheduling order.

3. If the Court has overlooked anything, it will consider supplementing this Order upon an email to the case manager reflecting agreement of counsel. Should a party otherwise seek amendments or additions to this Order, which are discouraged, they must be sought by motion filed after meeting and conferring; in lieu of briefs, the motion must include short submissions from each side.

4. Each attorney who has entered a notice of appearance for the plaintiffs **SHALL** read again the Local Rules and the Order filed March 29, 2024, at Doc. 8.

**SO ORDERED,** this the 2nd day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE