# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:24-cv-00238-CCE-JEP

| | |
|---|---|
| REESE BRANTMEIER and MAYA JOINT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | |

## JOINT SUBMISSION ON PROPOSAL FOR NOTICE TO INJUNCTIVE RELIEF CLASS

Pursuant to the Amended Scheduling Order (Dkt. 65), the Parties jointly submit this Proposal regarding Class Notice, in the event that the Court certifies an Injunctive Class (only).

The Parties respectfully submit that in the event that the Court certifies only an Injunctive Relief Class, Notice is not required. Fed. R. Civ. Proc. 23(c)(2)(a) and (b) (Notice of class certification required for damages classes, discretionary for injunctive relief classes); *see also Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 330 (4th Cir. 2006) ("Rule 23 (b)(2) neither requires that absent class members be given notice of class certification nor allows class members the opportunity to opt-out of the class action"). However, if the Court, in its discretion, orders the Parties to provide Notice to the Injunctive Relief Class after certification, the Parties submit the following proposal regarding the form, plan of distribution, and content of the Class Notice.

# FORM AND PLAN OF DISTRIBUTION OF CLASS NOTICE

Plaintiffs' Proposal:

The Injunctive Relief Class consists of:

All persons who at any time between March 19, 2020 and the date of judgment in this action,
  (i) competed in NCAA Division 1 Tennis, or
  (ii) were ineligible to compete in NCAA Division I Tennis due to the Prize Money Rules

Email will be the best means to reach Injunctive Relief Class Members.

The NCAA requires that all prospective student-athletes provide an email address that "the student checks frequently and will have access to after high school." when they register with the NCAA Eligibility Center, which is a prerequisite for competing for NCAA team. https://www.ncaa.org/sports/2014/10/24/how-to-register.aspx.

Plaintiffs propose that the Notices be distributed to the most recent email addresses known to the NCAA of all prospective student-athletes who registered with the NCAA Eligibility Center as potential Student-Athletes in Men's or Women's Tennis, between January 1, 2019, and the present. Thus, the proposed method of distribution encompasses everyone in subcategory (i) of the Injunctive Relief Class. It will also contain all members of subcategory (ii) who sought to play in the NCAA, but were denied the opportunity because the NCAA determined that they had violated the Prize Money Rules. Finally, many of the other members of subcategory (ii), individuals who won Prize Money in professional tournaments but chose to forego college tennis entirely, initiated the NCAA Eligibility Center process even if they did not complete it, and will also be reached.

Plaintiffs believe that the NCAA's alternative suggestion for obtaining email addresses, by issuing subpoenas to the over 300 Division I colleges that offer tennis programs, will lead to substantial delay, cause significant additional expense, and will not necessarily provide better email addresses.

NCAA's Proposal:

2

The NCAA takes no position regarding the form of Class Notice. The NCAA will assist to effectuate the form of Notice that the Court orders in its discretion (i.e., publication, electronic mail, postal service mail), based on the information in its possession regarding Class Members' contact information.

As the NCAA understands Plaintiffs' proposed Injunctive Relief Class definition, the NCAA informs the Court that it does not maintain current contact information in its possession regarding the putative Injunctive Relief Class members. Typically, in other litigation involving Division I student-athletes, in order to provide Notice to class members, Plaintiffs obtain the current contact information for Division I student-athlete class members directly from NCAA member schools, through the service of third-party subpoenas. The NCAA maintains certain non-current contact information for some (but not all) of the putative Injunctive Relief Class members.

For student-athletes that "competed in NCAA Division I Tennis" during the pendency of the putative class period, the NCAA typically maintains contact information that the student-athlete provided to the NCAA prior to enrolling at an NCAA member school. This contact information typically includes a home address and an email address that the student-athlete provided to the NCAA when the student-athlete registered with the NCAA's Eligibility Center (in most cases, when the student-athlete was still in high school).

For a student-athlete that was enrolled at a Division I NCAA member school as a senior in the spring semester of 2020 and competed in Men's or Women's tennis during that semester, the NCAA understands that such a student-athlete would be a putative Injunctive Relief Class member. Such a student-athlete would have provided his or her email address and home address to the NCAA as early as 2015, depending on when he or she registered with the NCAA's Eligibility Center. Such contact information is not used by the NCAA (or updated) after the student-athlete's initial eligibility status has been certified, typically prior to the student-athlete enrolling at a Division I NCAA member school. In such cases, the NCAA's contact information (email, home address) could be more than ten years old. The NCAA instructs prospective student-athletes to use email addresses that they will "have access to after high school," in part, to ensure that they do not register with an email address that was provided to them by their high school and that they will no longer have access to during the period of time between their high school graduation and their enrollment at a Division I NCAA

3

member school. The NCAA does not know how many putative Injunctive Relief Class members do, or do not, continue to have access to the email addresses that they initially provided to the NCAA's Eligibility Center.

For student-athletes that "were ineligible to compete in NCAA Division I Tennis due to the Prize Money Rules" during the pendency of the putative class period, the Parties agree that such putative Injunctive Relief Class members may, or may not, be included in the data that the NCAA maintains that is referenced above.

## CONTENT OF CLASS NOTICE

The Parties jointly submit the Proposal below regarding the content of the Class Notice, in the event that the Court certifies only an Injunctive Relief Class:

## NOTICE OF PENDENCY OF CLASS ACTION

**This is a notice of a pending Class Action in the above-referenced lawsuit. Your legal rights may be affected if you are a member of the following class:**

All persons who at any time between March 19, 2020 and the date of judgment in this action,
(i) competed in NCAA Division 1 Tennis, or
(ii) were ineligible to compete in NCAA Division I Tennis due to the Prize Money Rules.

### PLEASE READ THIS NOTICE CAREFULLY

**The Class Action**
The case is called *Brantmeier v. NCAA,* Case No. 1:24-cv-00238. It has been pending since March 19, 2024 before Judge Catherine Eagles of the United States District Court for the Middle District of North Carolina who is overseeing this lawsuit. The people who initiated this case are called the Plaintiffs. The named Plaintiffs in this case are Reese Brantmeier and Maya Joint. The entity the Plaintiffs sued is called the Defendant. There is one defendant in this lawsuit, the National Collegiate Athletic Association ("NCAA").

This lawsuit seeks to enjoin the NCAA from enforcing certain eligibility rules which contain certain limits on the amounts of prize money that tennis student-athletes (both pre-college and college) can accept in non-NCAA tennis tournaments, if they seek to maintain their eligibility to compete for NCAA Division 1 tennis teams. *See* NCAA Bylaws 12.1.2(a) and (d) and 12.1.2.4.2 (the "Prize Money Rules"). Additional information about those claims is available at [www.website.com].

### Why Did I Receive This Notice?
You were sent this Notice because NCAA records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the case. This notice explains the lawsuit, who is included, and your legal rights and options. It was issued because the Court has decided this lawsuit may proceed as a class action for injunctive relief.

### What is a class action?
In a class action, one or more people called Class Representatives (in this case, Reese Brantmeier and Maya Joint are the named class members) sue on behalf of people who have similar claims (unnamed class members). Together, the Class Representatives and the people represented by them are called a Class or Class members. One court resolves the claims of all Class members.

### Why is this lawsuit a class action?
The Court decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23(b)(2), which governs class actions for injunctive relief in federal courts. Specifically, the Court found that:

[Insert]

### What Is the Class Action About?
In this Class Action, Plaintiffs claim that the NCAA's Prize Money Rules violate the antitrust laws of the United States. Plaintiffs seek an injunction that would prevent the NCAA from declaring individuals who have accepted certain amounts of Prize Money from non-NCAA tennis tournaments, either before or during college, ineligible to compete for a NCAA Division I tennis team.

NCAA denies that it or its member institutions have violated any antitrust laws and opposes entry of an injunction. The NCAA claims that the Prize Money Rules that Plaintiffs challenge in this case are legal, pro-competitive and do not harm the members of the Injunctive Class that has been certified. The case is expected to go to trial in 2026.

**Who is bringing the Lawsuit?**
Two Class Representatives are leading this lawsuit:

Reese Brantmeier, who is a current college tennis player, forfeited a portion of her non-NCAA Prize Money prior to enrolling in college. Had Ms. Brantmeier not forfeited a portion of her earned non-NCAA Prize Money, it is alleged that she would be ineligible to compete in NCAA Division I tennis.

Maya Joint, a professional tennis player, forfeited a portion of her non-NCAA Prize Money prior to and while enrolled in college. The Court has certified these individuals to represent all Class members.

**Has the Court decided the case yet?**
No, the Court has not decided whether the Plaintiffs or the Defendant is correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose the case. The Class Representatives must prove their claims at a trial.

**Do I Have a Lawyer in the Case?**
The Court has appointed two law firms as Class Counsel in the Class Action:

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, New York 10022
(212) 594-5300

**MILLER MONROE HOLTON**
**& PLYLER, PLLC**
1520 Glenwood Avenue
Raleigh, North Carolina 27608
(919) 809-7346

If you want to be represented by your own lawyer, you may hire one at your own expense.

**What Happens If I Do Nothing At All?**
If you do nothing at all, you will be bound by the outcome of the Class Action described above, whether or not you receive any benefit from the injunction sought.

**Can I Exclude Myself from the Class Action?**
No. The Class has been certified under Federal Rule of Civil Procedure 23(b)(2). Therefore, as a Class Member, you will be bound by the outcome of the lawsuit, whether it is favorable or unfavorable to you.

**How Do I Get More Information?**
If you have questions regarding the pending lawsuit, you can visit [www._____.com], call [phone number], or write to the Notice Administrator at [mailing address]. All papers filed in this lawsuit are also available via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and may be reviewed in person, as allowed by the Court, during regular business hours at the Office of the Clerk of the United States District Court for the Middle District of North Carolina, [address] Greensboro, North Carolina.

This the 1st day of July, 2025

By: /s/ *Rakesh Kilaru*
Rakesh Kilaru

**WILKINSON STEKLOFF LLP**

RAKESH KILARU
CALI ARAT
MATTHEW SKANCHY
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile:(202) 847-4005
rkilaru@wilkinsonstekloff.com
carat@wilkinsonstekloff.com

By: /s/ *Peggy J. Wedgworth*
Peggy J. Wedgworth*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

PEGGY J. WEDGWORTH*
New York State Bar No. 2126159
JOHN D. HUGHES*
Michigan State Bar P76455
405 East 50th Street
New York, New York 10022
(212) 594-5300
pwedgworth@milberg.com

mskanchy@wilkinsonstekloff.com

**BELL, DAVIS & PITT P.A.**

ALAN M. RULEY
State Bar No. 16407
PO Box 21029
Winston-Salem, NC 27120
Telephone: (336) 722-3700
Facsimile:(336) 714-4101
aruley@belldavispitt.com

**ARENTFOX SCHIFF LLP**

MATILLE GIBBONS BOWDEN
State Bar No. 54834
1717 K Street NW
Washington, DC 20006
Telephone: (202) 857-6000
Facsimile:(202) 857-6395
mattie.bowden@afslaw.com

*Counsel for National Collegiate Athletic Association*

jhughes@milberg.com

ARTHUR M. STOCK
North Carolina State Bar No. 7613
DANIEL K. BRYSON
North Carolina State Bar No. 5781
LUCY N. INMAN
North Carolina State Bar No. 7462
900 W Morgan Street
Raleigh, North Carolina 27603
(919) 600-5000
astock@milberg.com
dbryson@milberg.com
linman@milberg.com

**MILLER MONROE HOLTON & PLYLER, PLLC**

JASON A. MILLER
North Carolina State Bar No. 9923
ROBERT B. RADER III
North Carolina State Bar No. 5184
WILLIAM W. PLYLER
North Carolina State Bar No. 0475
JOEL L. LULLA* (Of Counsel)
New York State Bar No. 1865823
1520 Glenwood Avenue
Raleigh, North Carolina 27608
(919) 809-7346
jmiller@millermonroe.com
rrader@millermonroe.com
wplyler@millermonroe.com
joel_lulla@yahoo.com

Counsel for Plaintiffs and Proposed Classes

* Specially Admitted