IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REESE BRANTMEIER and MAYA )
JOINT, on behalf of themselves and )
all others similarly situated, )
)
                      Plaintiffs, )
)
       v. )                1:24-CV-238
)
NATIONAL COLLEGIATE )
ATHLETIC ASSOCIATION, )
)
                      Defendant. )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

    In this antitrust case involving claims of price-fixing in the market for the services of college tennis players, the Court granted the plaintiffs' motion for class certification and asked for submissions on appropriate class notice and notice procedures. Upon consideration of the materials submitted by the parties, the Court approves the jointly submitted proposed notice with a few additions described below. Notice through a class website, emails, postcard backup, targeted advertisements, and a press release is the best notice that is practicable under the circumstances, as set forth herein.

### I.    Relevant Procedural History and Facts

    Plaintiffs Reese Brantmeier and Maya Joint want to compete in Division I college tennis and to accept all the prize money they win by competing in non-collegiate tennis tournaments. The defendant National Collegiate Athletic Association and its member institutions impose rules that severely limit the amount of prize money current and

prospective Division I tennis athletes can accept without losing their Division I eligibility. The plaintiffs say that those rules violate § 1 of the Sherman Act, and they seek injunctive relief and damages on behalf of themselves and others similarly situated.

The Court granted the plaintiffs' motion for class certification, Doc. 99, and certified one class of persons seeking injunctive relief and another seeking damages. The injunctive class as certified consists of:

> All persons who, at any time between March 19, 2020, and the date of judgment in this action, (i) competed in NCAA Division I Tennis, or (ii) were ineligible to compete in NCAA Division I Tennis due to the Prize Money Rules.

*Id*. at 29. The damages class consists of:

> All persons who, at any time between March 19, 2020, and the date of initial distribution of Class Notice in this matter, have voluntarily forfeited Prize Money earned in a tennis tournament, and (i) have competed in NCAA Division I Tennis, or (ii) have submitted information to the NCAA Eligibility Center.

Doc. 102 at 2 (amending class definition). Ms. Brantmeier and Ms. Joint were appointed as class representatives, and Plaintiffs' Counsel, Arthur Stock, Daniel Bryson, Lucy Inman, Peggy Wedgworth, and Milberg Coleman Bryson Phillips Grossman, PLLC and Jason Miller, Robert Rader III, William Plyler, Joel Lulla, and Miller Monroe Holton & Plyler, PLLC were appointed as class counsel. Doc. 99 at 29.

II. **Notice to the Injunctive Class**

The injunctive class was certified pursuant to Federal Rules of Civil Procedure 23(b)(2). Rule 23(b)(2) class members do not have an opportunity to opt out, and district courts are not obliged "to afford them notice of the action." *Wal-Mart Stores, Inc. v.*

2

*Dukes*, 564 U.S. 338, 362 (2011); *see Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 330 n.25 (4th Cir. 2006) ("Unlike Rule 23(b)(3), Rule 23(b)(2) neither requires that absent class members be given notice of class certification nor allows class members the opportunity to opt-out of the class action."); *accord CASA, Inc. v. Trump*, __ F.Supp.3d __, 2025 WL 2263001, at *12 (D. Md. 2025). Nonetheless, Rule 23(c)(2)(A) authorizes courts to "direct appropriate notice" to a Rule 23(b)(2) class.

Some form of notice is appropriate here. Class members will be bound by any orders on the antitrust claims, and it is fair for them to be advised of how to keep track of the progress and results of the litigation. And one notice here can be used for both the injunctive class and damages class.

### III. Notice to the Damages Class

For the damages class, certified under Rule 23(b)(3), notice is required. *See* Rule 23(c)(2)(B). Generally speaking, for the results of a damages class action to bind an absent class member, notice to the class must provide "minimal procedural due process protection." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). On the procedural front, Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

### IV. The Notice

Plaintiffs propose that a single notice is used to reach both classes. Doc. 101 at 2. They suggest four forms of notice: (1) creation of a public website with information about the lawsuit and the notice; (2) emails to potential class members, followed by

3

postcard notices with a link to the website, if emails are undeliverable; (3) targeted advertisements containing links to the website; (4) a press release about the certified classes; and (5) an announcement on the NCAA website. *Id*. at 3–4.

### A. Public Website

The parties agree to create a public website with information on the case. Doc. 101 at 8. The emails, postcards, and advertisements providing notice of the class action will refer people to the website for additional, updated information. *Id*. at 3, 8; Doc. 101-2 at 7, 11; Doc. 101-3 at 2. The website will contain the notice and important legal documents in the case. Doc. 101 at 8. It will be run by the Class Administrator and will be updated with important orders in the case. Doc. 101-1 at ¶ 20. It will also have a 1-800 number which anyone can call and leave a recorded message for a follow-up response. Doc. 101 at 8. Many class actions use similar websites to inform potential class members of ongoing litigation. *See, e.g.*, *Lewis v. Equityexperts.org, LLC*, No. 22-CV-302, 2025 WL 2264491, at *2 (E.D.N.C. Aug. 7, 2025) (stating that "district courts in this circuit have used class action websites to facilitate notice."). The proposed public website is a reasonable way to provide information, notice, and updates as the case proceeds.

### B. Emails and Postcards

The plaintiffs propose to provide notice to all prospective student-athletes who registered (or initiated the registration process) with the NCAA Eligibility Center as potential student-athletes in men's or women's tennis between January 1, 2021, and August 5, 2025, and a few individuals who were entered into the eligibility center

4

database at an earlier time and have been identified as likely members of the damages class. Doc. 101 at 3. This should reach most of the members of the damages class and many members of the injunctive class.

The plaintiff proposes to send emails to these potential class members containing the notice. *Id*. For potential class members who cannot be reached by email, plaintiffs suggest that postcards containing a short description of the litigation and a link to the notice website be mailed to their most recent known home address. *Id*. The parties agree that it is reasonable to send the proposed notice by email and then, for those notices that are not delivered after three attempts, by postcard. *Id*. at 5, 7; Doc. 101-1 at 6. Rule 23 allows notice by "United States mail, electronic means, or other appropriate means," Fed. R. Civ. P. 23(c)(2)(B), and the Court agrees with the parties that email notice with a postcard backup is appropriate.

The NCAA has records providing these names and can make, or has already made, those records available for notice purposes with reasonable effort. Doc. 101 at 5–7. It also has records of the email and postal mail addresses provided by potential athletes when they registered with the NCAA. *Id*. The NCAA has those addresses and has already provided this information to the plaintiffs. *Id*. This method is reasonable.

While the NCAA does not object to the plaintiffs' proposal to provide notice by email and, as a backup, by postcard, it points out that the email and postal mail addresses in its possession are likely to be outdated for some potential class members. *Id*. In most cases the potential class members provided these addresses to the NCAA when they were in high school, and, as is obvious from the dates that define the class, a fair number of

5

those persons will now be out of college. It suggests that the plaintiffs could obtain more current information by subpoenaing records from third parties. *Id.* at 5.

The Court finds that this is unduly cumbersome and expensive, requiring an unreasonable effort. It is also unnecessary. While some class members may not receive personal notice for the reasons the NCAA identifies, notice is not required to be perfect. And the targeted advertisements, press release, and likely media attention to this class action will improve notice substantially.

### C. Targeted Advertisements and Press Release

The plaintiffs propose supplementing these notices with a press release and targeted advertisements on social and digital media. *Id*. at 4. The NCAA does not object to the supplemental notice provided by targeted advertisements. *Id*. at 7. Such targeted advertisements will be placed on sites likely to be visited by members of both classes and will complement the email and postcard notices. The press release is likely to result in media attention, as has happened with many other cases involving the NCAA in recent years. This method is a reasonable supplement to the email and postal mail notice.

### D. Notice on the NCAA Website

The plaintiffs propose supplementing these notices with a posting on the NCAA website. *Id*. at 4. The NCAA objects. *Id*. at 7. But they have not provided any case law to support this proposal, nor have they provided evidence to indicate that it is necessary for notice to be sufficient. Instead, they rely on the fact that the NCAA has posted information about a settlement with student-athletes on its website. But posting a notice about a settlement is different in kind from posting a notice about class certification

where the NCAA is contesting liability on an ongoing basis. The proposed methods of notice are otherwise likely to reach large numbers of class members, and requiring the NCAA to post the notice is not necessary to provide sufficient notice.

V. **Content of the Notice**

The parties agree on the content of the proposed email notice. Rule 23(c)(2)(B) states that:

> [t]he notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). With a couple of modifications and additions, the proposed notice meets all of these requirements.

First, the proposed notice clearly and concisely states in plain language the nature of the action and the class claims, issues, and defenses. Doc. 101-2 at 2, 6–8; Fed. R. Civ. P. 23(c)(2)(B)(i), (iii). It repeats in full the definition of the damages class and the injunctive class. Doc. 101-2 at 3; Fed. R. Civ. P. 23(c)(2)(B)(ii). It clearly states that the Court will exclude from the damages class any member who requests exclusion, Doc. 101-2 at 8, and provides the time and manner for requesting exclusion. *Id.* at 9; Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi). It specifies that members of the damages class will be bound

7

by the class judgment if they do not opt out through an exclusion request postmarked by February 5, 2026, Doc. 101-2 at 8–9, and that members of the injunctive class cannot opt out and will be bound by the judgment. *Id*. at 8; Fed. R. Civ. P. 23(c)(2)(B)(vii).

Rule 23(b)(2)(B)(iv) requires that the notice make it clear that "a class member may enter an appearance [in the litigation] through an attorney, if the member so desires." While the proposed notice states that a class member may hire an attorney at his or her own expense, Doc. 101-2 at 10 (answer to FAQ 16), the notice is not explicit that the attorney can enter an appearance in connection with the damages class. The parties shall add a sentence making that plain.

While there is no explicit requirement to inform class members of how they can keep up with the status and progress of the case, the notice tells class members that the class certification order will be available on the public website and informs class members that access to all filings are available on PACER and in person at the Clerk's office. *Id*. at 11. That is a good idea. The Court finds it appropriate for the public website to also provide access to the key court orders so that class members can easily stay updated on the progress of the litigation if they wish. Access via PACER for non-parties is not free, and most class members do not live in the Middle District of North Carolina where the Clerk's office is located. The administrator shall add to the answer to FAQ 22, *id*., the following sentence: "Most orders important to the case will also be posted on the website about this lawsuit, www._____.com." And the parties shall see that any substantive orders, such as scheduling orders, *Daubert* orders, summary judgment orders, and the like, but excluding orders on motions to extend time and other

8

housekeeping matters, are provided to the Notice Administrator who shall post them on the website.

## VI. Conclusion

The Court finds that the proposed notice, *id.*, as supplemented herein, and provided by email, postcard backup, targeted advertisement, press release, and website as proposed by the plaintiff, Doc. 101 at 3–4, but excluding a notice on the NCAA website, (a) constitutes the best notice practicable under the circumstances; (b) is reasonably calculated, under the circumstances, to describe the nature of the case, certified classes, claims, attorney representation, opt-out procedure, and effect of judgment; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfies all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and all other applicable law and rules.

It is **ORDERED** that:

1. The proposed notice proffered by the parties, Doc. 101-2, is approved with the following additions:
    a. A sentence clarifying that a class-member's hired attorney can enter an appearance in connection with the damages class; and
    b. a sentence stating: "Most orders important to the case will also be posted on the website about this lawsuit, www._____.com."

2. The plaintiffs **SHALL** provide names, email addresses, and postal mail addresses of potential class members, as provided by the NCAA, to the Notice Administrator.

3. The Notice Administrator **SHALL** send the email notices as quickly as practicable and, for any undeliverable returned emails, postcard notices no later than November 21, 2025. Opt-out letters must be postmarked no later than February 5, 2026.

4. The Notice Administrator **SHALL** maintain a public website where this Order, the Class Certification Order, the approved Notice, and all other substantive orders shall be posted.

5. The Notice Administrator **SHALL** issue a press release about class certification containing the relevant deadline to opt-out and the class website.

6. The Notice Administrator **SHALL** promptly place targeted advertisements on social and digital media about certification and the opt-out deadline, as proposed by the plaintiffs.

7. The Notice Administrator **SHALL** file a report showing compliance with this order by February 19, 2026.

This the 27th day of October, 2025.

_____
UNITED STATES DISTRICT JUDGE