IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REESE BRANTMEIER and MAYA JOINT, on behalf of themselves and all other similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:24-CV-238 |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The parties to this antitrust class action have entered into a proposed settlement

agreement subject to review under Rule 23 of the Federal Rules of Civil Procedure.  The

Court has read and considered the proposed settlement agreement and the accompanying

documents, including the supplemental materials.  The Court held a hearing on the

motion for preliminary approval of the settlement agreement on June 18, 2026.  In light

of its experience generally and specifically with this case, and upon due consideration,

the Court will grant the motion for preliminary approval of the class action settlement.

### Procedural History

This case is another antitrust suit against the NCAA about its eligibility rules for

college athletics.  It involves NCAA rules restricting Division I college tennis eligibility

based on acceptance of unauthorized outside prize money before and after college

enrollment.  Before the settlement, the Court certified two classes:  a Rule 23(b)(2)

injunctive class and a Rule 23(b)(3) damages class. The plaintiffs and the NCAA have now reached a settlement, and the plaintiffs move for preliminary approval of the class action settlement agreement pursuant to Rule 23.

**The Settlement**

The proposed settlement provides some injunctive relief, primarily to pre-college enrollment athletes who will now be able to keep all prize money earned in tennis tournaments without losing their eligibility to play Division I college tennis. Doc. 114-1 at ¶ 4.1.1. The settlement does not require the NCAA to change current rules severely restricting the prize money current college students can keep. But for the damages class, the NCAA has agreed to pay $2,000,000 to be divided among athletes who submit valid claims showing forfeiture of prize money up to the end of the damages class period on November 21, 2025. *Id*. at ¶¶ 2.12, 4.1.2; *see* Doc. 114-2 (proposed allocation plan).

The settlement calls for the release by members of the injunctive class of future claims for injunctive relief based on challenges to prize money rules that existed or continue to exist. *Id*. at ¶ 2.46. Injunctive class members, who cannot opt-out because the class is a Rule 23(b)(2) class, would thus be unable to bring another lawsuit challenging these prize money rules and seeking an injunction. *Id*.

The release for the damages class prohibits future damages claims that accrued during the damages class period, which ended on November 21, 2025, by damages class members who do not opt-out. *Id*. at ¶ 2.45. But damages class members may file a new suit for damages if they earn and forfeit prize money after November 21, 2025, when the damages class period ended. *Id*.; Doc. 122 at 22.

2

## The Basic Requirements for Class Certification

For class certification, Rule 23 requires the proposed class members to be readily identifiable and the proposed class representatives to be members of the proposed class. *See Peters v. Aetna Inc.*, 2 F.4th 199, 241–42 (4th Cir. 2021); *see generally* Fed. R. Civ. P. 23(a). The plaintiffs must then establish the four enumerated requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *Peters*, 2 F.4th at 241. Finally, the plaintiffs must establish that the case fits into at least one of the three subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). To certify a Rule 23(b)(3) class, the plaintiffs must demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Here the settlement classes are the same classes already certified. Doc. 99 at 29; Doc. 102 at 2; Doc. 114-1 at ¶¶ 2.14, 2.29. Subject to further consideration on the motion for final approval, the Court adopts its findings on numerosity, commonality, typicality, and adequacy of representation as to both classes and commonality and superiority as to the damages class, *see generally* Doc. 99, and its findings on adequacy of representation in the recent order adding another class representative. Doc. 124.

## Fair, Reasonable, and Adequate Settlement

At the preliminary approval stage of settlement review, courts determine whether notice of the proposal to the Class "is justified by the parties' showing that the court will likely be able to . . . approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P.

23(e)(1)(B).  Courts may approve a class settlement only if it is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  The district court acts as a fiduciary of the class members and has a "fiduciary responsibility to ensure that the settlement is fair and that the class members' interests were represented adequately."  *Sharp Farms v. Speaks*, 917 F.3d 276, 293–94 (2019) (cleaned up).

"Courts in this circuit bifurcate the analysis into consideration of fairness, which focuses on whether the proposed settlement was negotiated at arm's length, and adequacy, which focuses on whether the consideration provided the class members is sufficient."  *Ciarciello v. Bioventus Inc.*, 760 F. Supp. 3d 377, 395 (M.D.N.C. 2024) (cleaned up).  The Rule 23(e)(2) factors govern preliminary and final approval.  *See, e.g.*, *Black v. USAA Gen. Indem. Co.*, No. 21-CV-1581, 2025 WL 3637395, at *7 (D. Md. Dec. 16, 2025).

The claims process proposed for the damages class is reasonable and fair to class members.  The allocation plan, Doc. 114-2, sets forth what seems to be a reasonable and sensible formula for a pro rata distribution to all approved and validated claimants of the Settlement Fund.

The Court has considered potential adequacy concerns and potential class member conflicts, based on the absence of any injunctive relief for current Division I tennis players and the nature of the release required for the injunctive class.  In light of the explanations provided by counsel and the parties, *see* Docs. 122, 125, the totality of the settlement, and the discussion at the hearing, the Court is prepared to move forward.

Those concerns are subject to further consideration before final approval if objections are received or circumstances warrant.

## Notice, Timing, and Logistics

Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The proposed notice plan informs class members of the settlement agreement across multiple platforms including the class website, news media, social media, email, and mail. Doc. 115 at ¶¶ 11–20. This is reasonably calculated to apprise class members of the settlement. Otherwise, the proposed long and short form notices, as amended herein, inform the class members about the substantive terms of the settlement agreement and their rights under it. Docs. 122-3, 122-5.

The proposed 90-day period from this Order to file an objection with the Clerk of Court provides sufficient time for all class members to consider the proposed settlement and to voice any objections, and the notice explains how to do so. Doc. 118 at 33; Doc. 122-3 at 13–14; Doc. 122-5 at 3. The proposed 90-day period for the damages class members to submit an opt-out letter or email to the settlement administrator provides sufficient time for damages class members to make that decision, and the notice explains how to do so. Doc. 118 at 33; Doc. 122-3 at 10–11; Doc. 122-5 at 3.

5

The notice also explains that members of the damages class must submit a claim form to recover money from the settlement fund. Doc. 122-3 at 3, 8–9, 15; Doc. 122-5 at 3. The original proposed notice did not provide a deadline for filing claims, Doc. 115-2 at 9; Doc. 122 at 23–24, but in their original brief and proposed order, the plaintiffs proposed that any class member who seeks to recover a share of the damages must file the claims form within 90 days of entry of this Order. Doc. 118-1 at 34; Plaintiffs' Proposed Order at 6. That will be well before the Court considers whether to give final approval to the settlement.

Submitting the claim form in advance of final approval does not waive or release any claims unless and until the settlement is finally approved. It can facilitate faster distribution of the settlement money if final approval is granted. Still, some class members may reasonably prefer to wait until the settlement is final to submit a claim form. The Court will set a deadline of 30 days after final approval for claims forms to be submitted by those class members who did not opt out. In the answer to Question 9, the notice will therefore include that deadline, along with the qualification that damages class members who opted out cannot submit a claim form or recover any damages.

The parties have agreed that objections only need to be filed with the Clerk of Court and that opt-outs by damages class members only need to be sent to the settlement administrator. Doc. 122 at 25. Initial proposals that objections and opt-outs also be sent to counsel for both parties were unnecessary because the parties will be able to review any opt-outs or objections on the docket.

6

The proposed settlement and claims administrator, RG/2 Claims Administration LLC, who serves as the current notice administrator, is qualified to undertake and perform its duties to the Court and to the Classes.

## Conclusion

At this preliminary stage, the Court finds that (1) the proposed settlement agreement meets the Rule 23 requirements because it is likely to be found to be fair and adequate and (2) the proposed notice plan including the amended proposed notices, as supplemented herein, meet the Rule 23 requirements and provide sufficient notice to the class members.

It is **ORDERED** that:

1. The motion for preliminary approval, Doc. 111, is **GRANTED**.

2. The Court preliminarily approves the proposed settlement agreement as being fair, reasonable, and adequate to the class, subject to further consideration at the Settlement Fairness Hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

3. The Court appoints RG/2 Claims Administration LLC, the notice administrator, as the settlement and claims administrator.

4. The form, substance, and requirements of the amended proposed notices at Docs. 122-3, 122-5, as further amended herein, and the distribution of notice, substantially in the manner and form set forth in ¶ 5 below, constitutes notice that is reasonably calculated under the circumstances to apprise the members of the classes of the proposed settlement agreement and their rights to object to any

7

aspect of the proposed settlement agreement; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed settlement agreement; and complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5. Within 30 days of this Order, the settlement administrator shall distribute notice by the following means, as set forth in more detail in Docs. 115 and 115-1:

   a. Email notice shall be sent to all potential class members for whom a viable email address is available from the class data in the form in Doc. 122-3, as modified herein.

   b. Postcard notice shall be sent to all potential class members who cannot be reached by email and for whom a postal address is available from the class data in the form in Doc. 122-5.

   c. A social and digital advertising campaign shall be initiated.

   d. A press release shall be issued.

   e. The class website shall continue to be maintained and updated with relevant settlement documents including this Order, the notices, and the claim form.

   f. A telephone call-in line shall be maintained where damages class members can call for assistance in filling out the claim form.

6. Within 30 days of this Order, the settlement administrator shall distribute notice as detailed, and the claims period shall begin on July 13, 2026. The notice shall specify the claims period dates and deadlines as set forth in this Order.

7. Within 30 days of the distribution of notice, the plaintiffs shall file a declaration from the settlement administrator affirming that the notice was distributed and made available as required in ¶¶ 4–6.

8. The Court preliminarily approves the damages allocation plan set forth in Doc. 114-2, subject to further consideration on motion for final approval.

9. Any class member in the damages class who wishes to be excluded must opt-out in writing by sending a mailed letter or an email to the settlement administrator. Any such opt-out must be postmarked on or before September 28, 2026, pursuant to the terms of the notice.

10. Any class member in the damages class who is entitled to monetary payment under the proposed settlement agreement must submit a claim form to the settlement administrator pursuant to the terms of the notice to receive a share of the settlement funds.  Any such claim form must be postmarked or submitted electronically on or before 30 days from final approval, if and when granted. Claims forms submitted by class members who opt out of the settlement will be denied.

11. Any class member has the right to submit a written objection pursuant to the notice which will be provided to the Court in advance of the Fairness Hearing. Any such objection must be postmarked or submitted electronically to the Clerk of Court on or before September 28, 2026, pursuant to the terms of the notice.  Any class member who does not make his or her objection at the Fairness Hearing or in writing timely submitted prior to the Fairness Hearing shall have waived their

opportunity to be heard and make any objection to the proposed settlement agreement.

12. The parties shall file a motion for final approval of class action settlement no later than November 30, 2026.  The motion or its attachments shall address any objections.

13. The plaintiffs shall file their motion for attorneys' fees, costs, and service awards by December 11, 2026.

14. A fairness hearing will be held before Chief Judge Catherine C. Eagles on January 8, 2027, at 9:30 am at the L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, NC 27401-2544, at which time the Court will determine whether the proposed settlement agreement should be finally approved as fair, reasonable, and adequate, and whether it shall be entered as the final judgment in this action.  If the hearing has to be rescheduled, notice will be provided on the docket of this case and on the Court's public website.

15. Applicable deadlines are summarized and repeated in a chart appended to this order, for convenience.

This the 29th day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE

APPENDIX

SUMMARY OF DEADLINES

| Event | Deadline |
|---|---|
| Notice Campaign Begins ("Notice Date") | Within 30 days of this Order |
| Claims Period Begins | July 13, 2026 |
| Objection and Opt-Out Deadline | September 28, 2026 |
| Plaintiffs' Motion for Final Approval of Class Action Settlement | November 30, 2026 |
| Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards | December 11, 2026 |
| Final Fairness Hearing | January 8, 2027, at 9:30 am |
| Claims Period Ends | 30 days from Final Approval Order |